IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

APPLEWOOD SENIOR LIVING, LLC,

    Plaintiff,

v.                                         Case No. _____

CREATIVE LIVING ENVIRONMENTS,
LLC                                         JURY TRIAL DEMANDED

    Defendant.

## COMPLAINT

Plaintiff, Applewood Senior Living, LLC ("Applewood"), by its undersigned attorneys, Michael Best & Friedrich LLP, complains against Defendant Creative Living Environments, LLC ("CLE"), as follows:

**NATURE AND STATUTORY BASIS OF ACTION**

1. Applewood is a family-owned business based in Brookfield, Wisconsin. Since 1993, Applewood has used the APPLEWOOD trade name and service mark in connection with operating assisted living residences for senior citizens in Southeastern Wisconsin. During the past 22 years, Applewood has built a reputation in the greater Milwaukee area for offering exceptional senior care at its community based residential facilities ("CBRFs"). In New Berlin, Applewood's CBRF features 40 private bedroom and bathroom suites in two, side-by-side buildings. Applewood's Brookfield location offers 48 private bedroom and bathroom suites in a single building with two wings. In the greater Milwaukee area, the APPLEWOOD mark and name uniquely identifies Applewood and the quality services offered at its senior living

residences. Despite this, Applewood competitor CLE is persisting with plans to open the first of two 24-unit assisted living facilities in Cudahy later this year under the name "Haven at Sweet Applewood." Like Applewood, CLE advertises the "Haven at Sweet Applewood" as offering private bedroom and bathroom suites. CLE's identical format to the Applewood suites located in New Berlin, combined with CLE's use of a name that suggests its rest home is located at "Applewood" is causing confusion in the marketplace. Indeed, Applewood informed CLE that consumers have already asked if Applewood is opening the "Haven at Sweet Applewood" in Cudahy. Nonetheless, CLE refuses to select a new facility name that does not trade off the goodwill that Applewood has built in the APPLEWOOD name and mark over more than two decades of use. Therefore, as a result of CLE's unlawful conduct, Applewood brings this action for: (1) trademark infringement, false designation of origin and unfair competition under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (2) common law trademark infringement under Wisconsin law.

## THE PARTIES

2. Applewood is a Wisconsin limited liability company located at 2800 North Calhoun Road, Brookfield, Wisconsin 53151.

3. Creative Living Environments is a Wisconsin limited liability company located at 314 East Main Street, Watertown, Wisconsin 53094.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. The Court has personal jurisdiction over CLE because CLE has committed one or more of the acts complained herein within this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the activity complained of occurred in this District, and CLE is subject to personal jurisdiction herein.

## BACKGROUND

7. Applewood has offered assisted living services and operated CBRFs under the APPLEWOOD trade name and service mark since 1993.

8. Applewood owns Wisconsin trade name and trademark registrations for the APPLEWOOD ASSISTED LIVING, APPLEWOOD COMMUNITIES, APPLEWOOD and APPLEWOOD SENIOR LIVING marks. Printouts from the Wisconsin Department of Financial Institutions website evidencing these registrations are attached as Exhibit A. The Wisconsin trademark and trade name registrations and all related common law rights in these marks are referred to collectively as the "APPLEWOOD Marks."

9. Applewood has used the APPLEWOOD Marks continuously and extensively since at least as early as 1993. Applewood has expended significant capital and devoted substantial amounts of time and resources to the marketing and promotion of the services offered under its APPLEWOOD Marks.

10. Applewood advertises and offers services under its APPLEWOOD Marks to both Wisconsin and non-Wisconsin residents, and thus Applewood has used its APPLEWOOD Marks in interstate commerce.

11. As a result of Applewood's substantial and extensive use and promotion of its services under the APPLEWOOD Marks, Applewood has acquired valuable goodwill in the APPLEWOOD Marks and these marks indicate that Applewood is the owner and operator of CBRFs and assisted living services offered under the APPLEWOOD marks.

12. Applewood maintains the website applewoodliving.com to market and promote its services.

13. Notwithstanding Applewood's prior, continuous, and extensive use of the APPLEWOOD Marks, CLE began using and continues to use "Haven at Sweet Applewood" to promote a CBRF and assisted living services identical to those offered by Applewood to Applewood customers.

14. CLE, like Applewood, is advertising the "Haven at Sweet Applewood" to consumers living in West Allis, Wisconsin and other communities located in the greater Milwaukee metro area.

15. As recently as February of 2015, CLE paid to have a booth at an event at the Waukesha Memorial Hospital, located in Waukesha County, Wisconsin.

16. The event at Waukesha Memorial Hospital was aimed at doctors, social workers, and hospital employees working in Waukesha County.

17. CLE's booth at the Waukesha Memorial Hospital event prominently displayed "Welcome to Haven at Sweet Applewood" in large letters.

18. Both of Applewood's CBRFs are located in Waukesha County and Applewood also had a booth at the Waukesha Memorial Hospital event.

19. CLE is not only an Applewood competitor as an assisted living service provider in the greater Milwaukee metro area, but CLE is also opening a CBRF identical to Applewood's New Berlin location in its format, namely two buildings offering 24 units.

20. Similar to Applewood's promotion of its assisted living residences as offering private suites, CLE is advertising the "Haven at Sweet Applewood" as offering private suites.

21. In November 2014, Applewood learned about CLE's plans to open the "Haven at Sweet Applewood" when an elderly relative of Applewood's president saw an advertisement for the "Haven at Sweet Applewood" in the West Allis newspaper and called to ask about Applewood's new building in Cudahy. At the time of the inquiry, the elderly family member was living in the community and looking for an assisted living facility.

22. Another acquaintance of Applewood's president called to say, "I heard you are building in Cudahy." This inquiry about the source of CLE's services and the new CBRF location also demonstrates the existence of actual confusion in the marketplace about a relationship between Applewood and its APPLEWOOD Marks, on one hand, and CLE and its "Haven at Sweet Applewood" facility in Cudahy, on the other hand.

23. In November 2014, less than a week after learning about CLE's plans to open the "Haven at Sweet Applewood," Applewood explained the confusion and asked CLE to select a new name to avoid any further confusion.

24. In a December 2014 response to Applewood's request that CLE select a new name, CLE falsely claimed its new Cudahy facility was located "on Sweet Applewood Lane." In fact, the street address of CLE's Cudahy facility is 3460 East Barnard Avenue.

25. In February 2015, Applewood again requested in writing that CLE select a new name that did not incorporate "Applewood" as part of the facility name. CLE again declined the request to voluntarily change its name and admitted that the address of its facility is not located on Sweet Applewood Lane. CLE now describes its location as "adjacent to" Sweet Applewood Lane.

26. Applewood does not object to CLE using the street name, Sweet Applewood Lane, in a limited and descriptive manner to describe that CLE's facility on East Barnard Avenue

5

is located adjacent to Sweet Applewood Lane or near the intersection of East Barnard Avenue and Sweet Applewood Lame. CLE's Cudahy facility is also adjacent to S. Kingan Avenue and Library Avenue in Cudahy.

27. This Complaint is necessitated by CLE's refusal to remove "Applewood" from the name for its residential living facility despite being informed of Applewood's prior rights in the APPLEWOOD Marks and the actual consumer confusion that has already been caused by CLE advertising its CBRF and assisted living facility services under the "Haven at Sweet Applewood" name.

28. The likelihood of confusion in CLE's use of "Haven at Sweet Applewood" is particularly high given that CLE's advertisements are aimed at older persons requiring specialized services and assistance, which is a group that is especially vulnerable to deceptive advertisements.

29. CLE's use of "Haven at Sweet Applewood" is a deliberate attempt to trade on Applewood's valuable goodwill and reputation in the industry, and to unfairly compete.

30. Applewood did not grant CLE authority or permission to use the APPLEWOOD Marks or the salient "Applewood" portion of the marks. Should CLE open an assisted living facility in Cudahy and begin offering assisted living services under the "Haven at Sweet Applewood" name, CLE will do so with full knowledge of Applewood's prior and exclusive rights in the metropolitan Milwaukee market for the APPLEWOOD Marks.

31. CLE has actual knowledge of its trademark infringement and unfair competition. Applewood has complained about CLE's unauthorized use of the APPLEWOOD Marks and imitations of these marks and demanded that CLE immediately cease such use, but CLE has

willfully continued to promote its CBRF and its assisted living services offered at that facility under "Haven at Sweet Applewood" name and mark.

32. CLE's actions described above have resulted in irreparable harm to Applewood's reputation and goodwill and damage to consumers.

33. Unless CLE is enjoined from using "Applewood" as the name of its CBRF and to advertise and promote CLE's assisted living services in the greater Milwaukee area, Applewood will continue to suffer irreparable harm to its reputation and goodwill.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION, AND UNFAIR COMPETITION

34. Applewood incorporates the allegations of the foregoing paragraphs 1-33 as if fully set forth herein.

35. CLE's uses of "Haven at Sweet Applewood" and other colorable imitations of the APPLEWOOD Marks are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of CLE's services with Applewood, or as to the approval of CLE's services by Applewood, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the APPLEWOOD Marks in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

36. CLE's actions have taken place with the full knowledge of the APPLEWOOD Marks and, therefore, have been intentional, deliberate, and willful.

37. As a direct and proximate result of these actions, Applewood has been damaged and will continue to be damaged.

# COUNT TWO
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

38. Applewood incorporates the allegations of the foregoing paragraphs 1-37 as if fully set forth herein.

39. CLE's uses of "Haven at Sweet Applewood" and other colorable imitations of the APPLEWOOD Marks are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of CLE's services with Applewood, or as to the approval of CLE's services by Applewood, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the APPLEWOOD Marks in violation of Wisconsin common law.

40. CLE's actions have taken place with the full knowledge of the APPLEWOOD Marks and, therefore, have been intentional, deliberate, and willful.

41. As a direct and proximate result of these actions, Applewood has been damaged and will continue to be damaged.

## JURY DEMAND

Applewood demands a trial by jury on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Applewood demands judgment in its favor on each and every claim for relief set forth above and an award for relief including, but not limited to the following:

1. An injunction permanently enjoining CLE and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, joint ventures, distributors, dealers, licensees, and all persons in active concert or participation with any of them:

a. From using the APPLEWOOD Marks and any other trademark or trade name owned by Applewood, any variations thereof including but not limited to "Haven at Sweet Applewood," or other colorable imitations thereof that are likely to cause confusion with the APPLEWOOD Marks or any other trademark or trade name owned by Applewood;

b. From owning or operating a CBRF or other assisted living facility under the APPLEWOOD Marks and any other trademark or trade name owned by Applewood, any variations thereof including but not limited to "Haven at Sweet Applewood," or other colorable imitations thereof that are likely to cause confusion with the APPLEWOOD Marks or any other trademark or trade name owned by Applewood;

C. From distributing, advertising, promoting or selling any services or materials bearing the APPLEWOOD Marks and any other trademark or trade name owned by Applewood, any variations thereof including but not limited to "Haven at Sweet Applewood," or other colorable imitations thereof that are likely to cause confusion with the APPLEWOOD Marks or any other trademark or trade name owned by Applewood;

D. From representing by any means whatsoever, directly or indirectly, that CLE, any services offered by CLE, assisted living facilities operated by CLE or any activities undertaken by CLE, are sponsored or licensed by Applewood or otherwise associated or connected in any way with Applewood; and

E. Passing off any of its services or assisted living facilities as originating with, associated with or sponsored by Applewood.

2. An Order requiring CLE to deliver to Applewood for destruction all goods, advertisements, literature and other written or printed material which bear the "Haven at Sweet Applewood" name or any other mark or trade name confusingly similar to the APPLEWOOD Marks.

3. An Order directing CLE to remove from all websites that it owns or controls, directly or indirectly, including any online directories or advertisements, the "Haven at Sweet Applewood" name or any mark or trade name confusingly similar to the APPLEWOOD Marks.

4. An Order directing CLE to file with this Court and serve on Applewood's attorneys within thirty (30) days after the date of entry of any injunction or final order, a report in

9

writing and under oath setting forth in detail the manner and form in which CLE has complied with the injunction or final order.

5. An Order requiring CLE to account for and pay to Applewood any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such profits in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

6. An Order requiring CLE to pay to Applewood compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such compensatory damages in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

7. An Order requiring CLE to pay Applewood's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws.

8. Any and all other relief as this Court deems just and equitable.

Dated this 12th day of March, 2015.

MICHAEL BEST & FRIEDRICH LLP


By: s/ S. Edward Sarskas
    S. Edward Sarskas
    Katrina G. Hull
    Patricia L. Jenness
    100 East Wisconsin Avenue
    Suite 3300
    Milwaukee, WI 53202
    Telephone: (414) 271-6560
    Fax: (414) 277-0656
    Email: sesarskas@michaelbest.com
    kghull@michaelbest.com,
    pljenness@michaelbest.com


*Attorneys for Plaintiff*